**STATE of Missouri, Appellant,**

v.

**Christina S. LYNN, Respondent.**

No. 61196.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 17, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
April 22, 1992.

Application to Transfer Denied
June 2, 1992.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, Thomas I. Osborne, Pros. Atty., Jim Y. Lynn, Asst. Pros. Atty., Mexico, for appellant.

Toni Meyer, Fulton, for respondent.

CRIST, Judge.

State appeals a suppression of evidence order in a burglary and stealing case pursuant to § 547.200.1(3), RSMo 1986. The trial court found the investigation had reached the accusatory stage, and the failure to give a Miranda warning warranted suppression of an oral and written statement given by the Accused to a policeman in a custodial setting. We affirm.

We view the evidence in a light favorable to the accused. *State v. Hutchinson*, 796 S.W.2d 100, 104[1] (Mo.App.1990). The credibility of the witness' testimony was for the trial judge.

On April 17, 1991, a police officer received information which implicated Accused and her boyfriend in a burglary committed in Audrain County. Acting on this information, the officer called Accused and her boyfriend and asked them to come in to the Audrain County Sheriff's Department for questioning. He stated it was not a big thing. He stated they would be free to leave once he had finished questioning them. Accused was seventeen years old at the time and had a tenth grade education. She had no prior dealings with the police.

On arrival, Accused was taken to a small room in the Sheriff's Department which is used for interrogation. Her boyfriend was left waiting outside. As the officer led Accused away, he told her boyfriend to "stay put." Accused heard the policeman's order. Accused testified that the statement to "stay put" led her to believe she was not free to leave, although the policeman told her she was not under arrest and was free to leave at any time.

Accused was interrogated in a room about the size of a "normal bathroom." The door was closed, and the window had a heavy metal grating covering it.

Prior to questioning, Accused was not Mirandized. The officer told Accused that someone had seen her in the area at the time of the burglary. At this time, the policeman considered Accused "some sort of suspect." Accused first denied any involvement in the burglary. After further questioning, Accused orally implicated herself in the burglary. Accused then made a written statement. Again, she was not informed of her Miranda rights.

Upon finishing his interrogation of Accused, policeman immediately questioned Boyfriend. He informed Boyfriend of his Miranda rights, and subsequently took Boyfriend's statement.

The State contends that this was not a custodial interrogation, and that *California v. Beheler*, 463 U.S. 1121, 103 S.Ct. 3517, 77 L.Ed.2d 1275 (1983), mandates reversal. However, neither *Beheler* nor *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), require reversal in this case. *Miranda* and later United States Supreme Court cases interpreting *Miranda* set the boundaries beyond which a state cannot go in violating the constitutional rights of an accused. Missouri can and has set up procedures to follow *Miranda*. See *State v. Zancauske*, 804 S.W.2d 851 (Mo.App.1991); *State v. Bradley*, 670 S.W.2d 123 (Mo.App.1984).

The trial court had sufficient evidence to determine that Accused's statement was the product of a custodial interrogation. The police officer had reason to believe that Accused had committed the crime in that she was seen in the area at the time, and because another law enforcement agency provided information implicating Accused in the crime. Investigation of the crime had clearly focused on Accused and her boyfriend; the police officer continued questioning Accused despite her denials until she confessed. Accused reasonably believed she was not free to go. The judgment must be affirmed.

Judgment affirmed.

PUDLOWSKI, P.J., and STEPHAN, J., concur.