STATE of Missouri, Appellant,

v.

**Dawn Denise HOSTO–WORTHY,**
Respondent.

No. 65525.

Missouri Court of Appeals,
Eastern District,
Division One.

May 24, 1994.

Ella K. Boone, St. Charles, for appellant.

Arthur C. Kellum, St. Louis, for respondent.

CRIST, Judge.

State appeals the trial court's order granting Defendant's motion to suppress evidence for failure to give *Miranda* warnings. We affirm.

Viewed in the light most favorable to the trial court's ruling, the following evidence was adduced at the suppression hearing: Defendant and her husband are charged with two counts of endangering the welfare of a child. Defendant is also charged separately with one count of abuse of a child. The charges stem from a hot-line call placed to the Division of Family Services (DFS) after S.H., Defendant's step-daughter, was brought to the emergency room of the Cardinal Glennon Children's Hospital with a ruptured appendix. DFS was informed the doctor treating S.H. believed her parents knew about her medical condition for two to three weeks but neglected to seek medical attention. Elizabeth Thompson, a child abuse investigator with DFS, was assigned to investigate the hot-line call. Thompson first went to the hospital and spoke with S.H.'s father. Around 2:15 p.m., she phoned Defendant at home and told her DFS had received a call on the child abuse hot-line regarding S.H., and she needed to come over and speak with Defendant and the other children regarding the allegations. Defendant stated it was not a good time for the interview because she was tired and the children would not be home until 3 p.m. Thompson said she could come over at 3 p.m., but Defendant again requested they do the interview another day. Thompson told Defendant that after a hot-line call is placed an interview is supposed to be conducted within 24 hours, and her schedule did not permit her to do it at another time. Thompson then called the St. Peters Police Department. She spoke with Detective Ritter and arranged for him to accompany her to Defendant's home. Thompson did not tell Defendant she would be accompanied by a police officer.

Detective Ritter arrived at Defendant's home first. He identified himself as a police officer and was let in the house. Thompson arrived shortly thereafter and was also permitted to enter the house. Detective Ritter and Thompson both questioned Defendant about the child abuse allegations for over two hours. The other children were also questioned. Additionally, Detective Ritter asked to see the laundry room and took photographs of the room where the children were allegedly made to sleep on the concrete floor without blankets. Detective Ritter and Thompson were at Defendant's home for three hours. At no time was Defendant given *Miranda* warnings. Defendant was not placed under arrest at this time, but the other children were taken into protective custody.

Defendant was formally charged on August 6, 1993. Prior to trial, Defendant filed a motion to suppress all evidence obtained during the interview at her home on July 9, 1993, because she was not apprised of her *Miranda* rights prior to the questioning, and the search of her home was done without a search warrant. The trial court found:

And now, to wit, this 31st day of January 1994, cause called and heard in open court on Defendant's motion to suppress evidence, the court finds that:

1. No search warrant was issued or warning given.

2. The defendants were suspects in the case.

3. Defendant Dawn Hosto–Worthy was inform (sic) that she had to comply with DFS requests for interview.

4. Defendants submitted under threat of authority.

5. *Miranda* warnings and or a search warrant was required under the circumstances.

On appeal, State alleges *Miranda* warnings were not required because the questioning of Defendant was not a "custodial interrogation." In reviewing the trial court's order sustaining Defendant's motion to suppress, we view the evidence in the light most favorable to the trial court's ruling. *State v. Zancauske,* 804 S.W.2d 851, 853[2] (Mo.App.1991). Further, our review is limited to a determination of whether the evidence was sufficient to support the trial

court's findings. *State v. Villa–Perez*, 835 S.W.2d 897, 902 (Mo. banc 1992).

In *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966), the United States Supreme Court stated:

> [T]he prosecutor may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.

The Supreme Court then stated in a footnote, "[t]his is what we meant in *Escobedo* when we spoke of an investigation which had focused on the accused." *Id.* at n. 4.

In *State v. Lynn*, 829 S.W.2d 553, 554 (Mo.App.1992), this court upheld a suppression order where the accused voluntarily went to the police department for questioning after being told she would be free to leave once the questioning was finished. The accused was not Mirandized prior to being interrogated in a small room until she confessed. In *Lynn*, this court held, "[t]he trial court had sufficient evidence to determine that Accused's statement was the product of a custodial interrogation." *Id.* In so holding, we relied in part on *State v. Zancauske*, 804 S.W.2d 851 (Mo.App.1991). In *Zancauske*, the court found sufficient evidence supported the trial court's finding *Miranda* warnings were required where the defendant initially went to the police station for questioning voluntarily, but the lengthy interrogation became custodial after another suspect admitted the crime and implicated the defendant. *Id.* at 859[3].

█ In arguing *Lynn* is inapplicable, the State relies on *State v. Middleton*, 854 S.W.2d 504, 513[11] (Mo.App.1993). The court in *Middleton* stated, "[c]iting *Zancauske* as authority, the *Lynn* court found the investigation had focused on her and held that the *Miranda* warning was required." *Id.* The *Middleton* court then concluded these cases adopted the "focus" test of *Escobedo v. Illinois*, 378 U.S. 478, 84 S.Ct. 1758,

12 L.Ed.2d 977 (1964), which was abolished in favor of the "custodial interrogation" test adopted in *Miranda*. *Id.* at 514. We disagree with this conclusion. We agree that whether *Miranda* warnings must be given in a particular case hinges on whether the suspect is in custody, not whether the suspect is the focus of the investigation. *Id.* However, neither *Lynn* nor *Zancauske* holds *Miranda* warnings are required where the defendant has become the focus of a police investigation, but no custodial interrogation is being performed. Rather, each of these cases holds sufficient evidence supported a finding *Miranda* warnings were required because the interviews had escalated to custodial interrogations. *See, Lynn*, 829 S.W.2d at 554 (sufficient evidence supported finding accused's statement was the product of a custodial interrogation where, in addition to evidence the investigation had focused on defendant, there was evidence police continued questioning accused despite her denial until she confessed, and accused reasonably believed she was not free to go); *Zancauske*, 804 S.W.2d at 859 (when co-conspirator admitted crime and implicated defendant ongoing interrogation of defendant became custodial).

Accordingly, we find a reversal of the trial court's decision is not mandated by *Middleton* or by the most recent Missouri Supreme Court cases addressing this issue. *See, State v. Schnick*, 819 S.W.2d 330, 334[5] (Mo. banc 1991) (holding *Miranda* warnings were not required where defendant was questioned about his gunshot wound at the hospital because the defendant was not in custody, and he was free to stop the interview at any time and ask the officers to leave); *State v. Feltrop*, 803 S.W.2d 1, 13[28] (Mo. banc 1991) (finding the questioning of defendant prior to his confession was not a custodial interrogation because defendant voluntarily followed the officer to the police station and, prior to his incriminating statement, he was free to leave at all times); *Middleton*, 854 S.W.2d at 516[12].

Further, the issue in all these cases was whether there was sufficient evidence to support the trial court's denial of a motion to suppress for failure to give a *Miranda* warn-

ing. Here, the issue is whether sufficient evidence supports the trial court's suppression order. Therefore, we must view all of the evidence in the light most favorable to the trial court's decision and ignore all contrary evidence and inferences. *State v. Franklin,* 841 S.W.2d 639, 641[1] (Mo. banc 1992). In doing so, we find sufficient evidence supports the trial court's finding *Miranda* warnings were required in this case. Defendant was informed she had to submit to questioning regarding the child abuse allegations. Detective Ritter remained in Defendant's home for three hours and subjected her to questioning for over two hours. Further, Defendant testified she did not feel she could stop the interview and send Detective Ritter out of her house. Point denied.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.